IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Syl Johnson a/k/a Sylvester Thompson and Syl-Zel Music Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: |
| Kanye Omar West, Jay-Z a/k/a Shawn Corey Carter, Roc-A-Fella Records LLC, Universal Music Group Corp, and Island Def Jam Music Group, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** Plaintiffs Syl Johnson a/k/a Sylvester Thompson (hereinafter "Johnson") and Syl-Zel Music Company (hereinafter "Syl-Zel"), by and through their legal counsel, Vernon W. Ford, Jr. of Vernon Ford & Associates and Mazie A. Harris of the Law Offices of Mazie A. Harris, P.C., and complains of Defendants Kanye Omar West, Jay-Z a/k/a Shawn Corey Carter, Roc-A-Fella Records LLC, Universal Music Group, Inc. and Island Def Jam Music Group. In support of this complaint, Plaintiffs state the following:

### JURISDICTION AND VENUE

1. Jurisdiction is based upon the Illinois Common Law and the copyright laws pursuant to 17 U.S.C, § 101, *et seq*.

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1367 for the state law claims and 28 U.S.C. § 1338(a), §1331, §1332 and §1367(a). The amount in controversy in this matter is in excess of $75,000.00, exclusive of interest and costs.

1

3. This Court has personal jurisdiction over this matter because, on information and belief, the Defendants, without consent or permission of the copyright owner, disseminated copyrighted works owned or controlled by Plaintiffs. On information and belief, illegal dissemination occurred and continues to occur in every jurisdiction in the United States, including the Northern District of Illinois.

4. Venue is proper under 28 U.S.C. §1391 and §1400(a) because Johnson recorded "Different Strokes" in this district and the infringing work which pirated portions of Johnson's work described herein were and currently are distributed, marketed, offered for sale and sold in this district.

## PARTIES

5. Syl Johnson is a citizen and resident of Illinois.

6. Syl-Zel is an Illinois corporation with its principal place of business at 3736 S. Calumet Avenue, Chicago, IL 60653. Syl-Zel is in the business of music publishing and administration and is the publishing administrator for John Cameron and John Zachary, writers of the composition, "Different Strokes."

7. Upon information and belief, Defendant Kanye Omar West (hereinafter "West") is an adult citizen residing in the State of Illinois. West is engaged in the business of producing music, publishing and performing.

8. Upon information and belief, Defendant Jay-Z a/k/a Shawn Corey Carter (hereinafter "Jay-Z") is an adult citizen of the State of New York. Jay-Z is engaged in writing, publishing, performing and producing music.

9. Upon information and belief, Defendant Roc-A-Fella Records LLC (hereinafter "Roc-A-Fella") is a New York limited liability company with its principal place of

business at 825 8th Avenue, 29th Floor, New York, NY 10019 and is a subsidiary of Universal Music Group and Island Def Jam Music Group.

10. Upon information and belief, Defendant Universal Music Group (hereinafter "UMG") is a Delaware corporation with its principal place of business at 1755 Broadway, New York, NY 10019. UMG is engaged in the business of manufacturing, distributing and selling of music performances in the forms of records, tapes and compact discs, among other media. UMG is the manufacturer, distributor and seller of the recording at issue in this lawsuit.

11. Upon information and belief, Defendant Island Def Jam Music (hereinafter "Island Def Jam") is a subsidiary of UMG with its principal place of business at 825 8th Avenue, 28th Floor, New York, NY 10019. Upon information and belief, Island Def Jam marketed and exploited the misappropriated sample of Johnson's sound recording.

## BACKGROUND
### I. Plaintiff's Ownership of Copyright

12. Johnson is a well-known soul musician/singer and recording artist. Johnson is also a music composer and publisher doing business under the name Syl-Zel.

13. As early as 1959, Johnson made his solo debut as a music recording artist.

14. On or about July 16, 1967, John Cameron and John Zachary (hereinafter "the writers") created and wrote the musical composition entitled "Different Strokes."

15. On or about July 16, 1967, Johnson produced, sang and recorded the composition, "Different Strokes."

16. On or about August 14, 1967, the writers registered the copyright in the musical composition with the United States Copyright Office and secured Certificate of Registration No. EU9873.

17. On or about August 14, 1967, the writers duly assigned to Plaintiff, as a music publisher, all rights, title, and interest in and to "Different Strokes" and all copyrights thereto, together with the right to register the statutory copyright therein.

18. Johnson owns the sound recording rights to the composition. Johnson's rights in his original sound recording are protected under Illinois common law.

19. Syl-Zel entered into a publishing agreement with both of the writers to administer the publishing.

20. Plaintiff is the owner of the copyrights regarding the musical composition "Different Strokes," under copyright registration numbers EU-9873 and SRU 360-720, issued by the Copyright Office of the United States on August 14, 1967 and February 26, 1996, respectively, and possess and own all rights, title and interest therein.

21. "Different Strokes" was distributed to the public to great acclaim and popularity.

22. "Different Strokes" has been sampled by several other acclaimed artists, including but not limited to, MICHAEL JACKSON, WILL SMITH, KID ROCK, KRS ONE, TUPAC SHAKUR, NWA, THE REFUGEE CAMP, BOOGIE DOWN PRODUCTIONS and PEEDI CRAKK & YOUNG CHRIS.

## II. Defendants' Unlawful Conduct

23. Defendants were and are aware of Plaintiffs' rights in the composition.

24. Without Plaintiffs' knowledge or consent, Defendants collectively infringed on the copyright in the composition. Defendants did so by copying a portion of the original composition and including it in a new composition without the permission of the writers or administrator.

25. Further without Plaintiffs' knowledge, permission or consent, Defendants collectively infringed on Johnson's sound recording of the composition by sampling excerpts of the sound recording "Different Strokes" without Johnson's authorization.

26. Defendants were aware at all times relevant to this complaint that "Different Strokes" was the original expression of Plaintiff, that it was not the original expression of West, Jay-Z, any other Defendant, or anyone else associated with Defendants, and that the work was and continues to be protected by copyright.

27. On information and belief, Defendants first attempted to obtain permission to use an excerpt of "Different Strokes" on another album of West's, entitled *My Beautiful Dark Twisted Fantasy*.

28. However, on information and belief, because Defendants were unable to obtain permission in time for the release of *My Beautiful Dark Twisted Fantasy*, any potential sampling of "Different Strokes" was not included on the album.

29. On or about August 2011, Defendants released, *Watch the Throne*, a compact disc that included a song entitled, "The Joy."

30. "The Joy" samples Plaintiffs' "Different Strokes."

31. Johnson is not credited in any way on the album or any other release by defendants of the song, "The Joy."

32. On information and belief, prior to its release on *Watch the Throne*, Defendants released "The Joy" for free as a download available on the Internet.

33. Defendants manufactured and distributed, and continue to manufacture and distribute, a large number of copies of *Watch the Throne,* all of which include the infringing song.

34. Defendants were not authorized to copy "Different Strokes." Defendants have not paid any royalties or other compensation to Plaintiffs for Defendants' copying and unauthorized uses of plaintiff's work.

35. Defendants instead falsely and erroneously asserted that Johnson's sound recording was used courtesy of the Numero Uno Group (hereinafter "Numero").

36. Numero did not have nor has it ever had the authority or permission from Plaintiffs to license the composition or give permission to anyone to copy, reproduce or change the composition.

## COUNT I
## COPYRIGHT INFRINGEMENT

37. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 36.

38. Plaintiffs own the registered copyright to the original music composition, "Different Strokes."

39. Defendants are aware that Plaintiffs own the copyrights to "Different Strokes" as Defendants attempted to obtain permission to use an excerpt from this composition on West's *My Beautiful Dark Twisted Fantasy*. When Defendants were unable to legally obtain the rights to this composition for West's album, Defendants withheld releasing "The Joy."

40. Despite having never received permission to use an excerpt from "Different Strokes," Defendants nonetheless released "The Joy" shortly thereafter on *Watch the Throne*.

41. Plaintiffs have the exclusive rights to authorize any changes in the original authorized performance, reproduction, and distribution of the work pursuant to 17 U.S.C. § 101.

42. Defendants, without permission by Plaintiffs, incorporated "Different Strokes" into "The Joy." Defendants further changed the original composition without Plaintiff's permission.

43. Defendants' conduct violated 17 U.S.C. § 106, and Defendants are liable under 17 U.S.C. § 501.

44. Defendants' infringing acts were and continue to be committed willfully.

45. Plaintiffs are entitled to recover all damages sustained as a result of Defendants' unlawful conduct.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

46. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 45.

47. Plaintiff, as the owner of the registered copyright in the original musical compositions, has the exclusive right to authorize the performance, reproduction, and distribution of this work pursuant to 17 U.S.C. § 106.

48. Upon information and belief, UMG has reproduced and/or distributed Johnson's performance in the infringing composition.

49. Upon information and belief, Island Def Jam has caused or granted to various parties license to reproduce, sample and/or distribute the copyrighted work.

50. UMG and Island Def Jam have willfully contributed to the infringement of Plaintiffs' copyrights.

51. Plaintiffs are entitled to recover all damages sustained as a result of UMG and Island Def Jam's contributory copyright infringement.

## COUNT III
## UNFAIR COMPETITION

52. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 55.

53. Defendants have engaged in unfair competition by representing that they had authority to use Plaintiff's original sound recordings without Plaintiff's authorization, permission or license.

54. Defendants have provided to the public that they had permission to use "Different Strokes" despite having no authorization from the Plaintiff to do so.

55. Defendants further erroneously assert that Numero provided Defendants with permission to use the composition.

56. Not only did Numero not provide Defendants with said permission, but Numero has no authority to be able to provide permission.

57. Furthermore, Defendants, on information and belief, were providing copies of "The Joy" for free as a download on the Internet before releasing it for purchase as part of *Watch the Throne*.

58. Defendants' actions have damaged and will continue to damage Plaintiffs irreparably.

## COUNT IV
## FRAUD

59. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 62.

60. On information and belief, Defendants have engaged in fraud by misrepresenting that they have the authority to use the Plaintiff's original sound recordings without Plaintiff's authorization, permission or license by adding same to "The Joy."

61. Defendants knowingly used a sample of "Different Strokes" in "The Joy."

62. Before releasing "The Joy" on *Watch the Thrones*, Defendants attempted to release it on *My Beautiful Dark Twisted Fantasy*.

63. At or around the same time, Defendants released "The Joy" as a free download online.

64. Defendants knew they were unable to obtain the rights for "Different Strokes" when they released *My Beautiful Dark Twisted Fantasy*.

65. Defendants knew or should have known that Plaintiffs – and not Numero – owned the rights to the composition.

66. Despite not being able to obtain the rights in time for *My Beautiful Dark Twisted Fantasy*, Defendants nonetheless released "The Joy" shortly thereafter on *Watch the Thrones*.

67. As a result, Defendants knowingly released "The Joy" without receiving permission to do so by Plaintiffs.

68. Defendants' fraudulent misappropriation of Plaintiff's sound recordings constitutes fraud under Illinois common law and has caused, and is causing irreparable harm to Plaintiffs and their property, and will continue unless injunctive relief is granted.

## COUNT V
## ACTION FOR ACCOUNTING

69. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 72.

70. Plaintiff demands an accounting of Defendants sales and revenues from the use of Plaintiffs' sound recording and a judgment for the balance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Syl Johnson a/k/a Sylvester Thompson and Syl-Zel Music Company pray that this Honorable Court grant the following relief in their favor:

1. Permanently restrain and enjoin Defendants and all persons acting in concert with Defendants of acting or purporting to act on their behalf, from infringing Plaintiffs federal and common-law copyrights in any manner whatsoever, and specifically distributing copies of Plaintiffs musical composition or sound recording;

2. Order the impounding of all musical compositions and sound recordings in Defendants possession, custody, or control that were made or used in violation of Plaintiffs federal and common law copyrights pursuant to 17 U.S.C. § 106;

3. Award Plaintiffs their actual damages and Defendants' profits attributed to Defendants' act of infringement;

4. Order a full accounting from Defendants arising out the sales and publishing activities relating to any of Plaintiffs' rights, and render a judgment for the balance due to Plaintiffs;

5. Award punitive damages appropriate to the egregious nature of Defendants' tortuous conduct.

6. Award Plaintiffs' attorney fees and costs pursuant to 17 U.S.C. §505; and

7. Award such other relief as is warranted by the facts and the law and is just under the circumstances. Plaintiff hereby demands a jury trial on all issues properly triable before a jury.

**JURY DEMAND**

Plaintiff demands a trial by Jury.

Dated: October 14, 2011                    SYL JOHNSON a/k/a/ SYLVESTER THOMPSON
                                           and SYL-ZEL MUSIC COMPANY


                                           By:   /s/ MAZIE A. HARRIS
                                                    One of its attorneys


Vernon W. Ford, Jr.
ARDC No.: 0846554
Vernon Ford & Associates
1338 W. Madison Street
Chicago, IL 60607
(312) 455-2200
(312) 455-2205 Fax

Mazie A. Harris
ARDC No. 6285519
The Law Offices of Mazie A. Harris, P.C.
1338 W. Madison Street
Chicago, Illinois 60607
(312) 455-2200
(312) 455-2205 Fax