IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------------------------------------X
                                                         :

SYL JOHNSON a/k/a SYLVESTER         :      11-cv-07276
THOMPSON and SYL-ZEL MUSIC        :
COMPANY,                                      :
                                                           :
                  Plaintiffs,            :
                                                           :
      -against-                      :
                                                           :
                                              :
KANYE OMAR WEST, JAY-Z a/k/a SHAWN   :
COREY CARTER, ROC-A-FELLA RECORDS   :
LLC, UNIVERSAL MUSIC GROUP CORP,   :
and ISLAND DEF JAM MUSIC GROUP,     :
                                                  :
                  Defendants.         :
                                                  :
-------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Kanye Omar West ("West"), Shawn Corey Carter p/k/a Jay-Z ("Carter"),

Roc-A-Fella Records, LLC ("Roc-A-Fella"), UMG Recordings, Inc. (incorrectly sued herein as

"Universal Music Group Corp") ("UMG"), The Island Def Jam Music Group, a division of

UMG Recordings, Inc. (incorrectly sued herein as "Island Def Jam Music Group") ("Island Def

Jam"), by their attorneys, as and for their Answer to the Complaint dated October 14, 2011 of

plaintiffs Syl Johnson ("Johnson") and Syl-Zel Music Company ("Syl-Zel") (collectively,

"Plaintiffs"), allege as follows:

### JURISDICTION AND VENUE

1.      Deny the allegations set forth in Paragraph 1 of the Complaint, except admit that

Plaintiffs purport to base jurisdiction on the statutes alleged therein.

2. Deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiffs purport to base jurisdiction on the statutes alleged therein.

3. Deny the allegations set forth in Paragraph 3 of the Complaint.

4. Deny the allegations of Paragraph 4 of the Complaint, except deny knowledge or information sufficient to form as belief as to where Johnson recorded "Different Strokes."

**PARTIES**

5. Deny knowledge or information sufficient to form as belief as to the allegations set forth in Paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form as belief as to the allegations set forth in Paragraph 6 of the Complaint.

7. Deny the allegations set forth in Paragraph 7 of the Complaint, except admit that West, *inter alia,* produces and performs music.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Carter resides in the City and State of New York and that he, *inter alia,* produces and performs music.

9. Deny the allegations set forth in Paragraph 9 of the Complaint, except admit that Roc-A-Fella is a New York limited liability company and is a subsidiary of UMG, and aver that its principal place of business is at 1755 Broadway, New York, NY 10019.

10. Deny the allegations set forth in Paragraph 10 of the Complaint, except admit that UMG is a Delaware corporation with its principal place of business at 1755 Broadway, New York, NY 10019 and that UMG is engaged in the business of manufacturing, distributing and selling recorded musical performances.

11.     Deny the allegations set forth in paragraph 11 of the Complaint, and aver that Island Def Jam is an unincorporated division of UMG with offices at 1755 Broadway, New York, New York 10019.

**BACKGROUND**

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and respectfully refer the Court to the registration filed with the U.S. Copyright Office referenced therein, and the deposit copy of the musical composition "Different Strokes" deposited in connection with such registration, for the true and complete contents thereof.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and respectfully refer the Court to the assignment referenced therein for the full and complete terms and conditions thereof.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, except admit that the pre-1972 recording at issue is not protected by copyright under the Copyright Act, 17 U.S.C. §101 *et seq.*, and that,

to the extent that Johnson owns any rights in and to the sound recording, those rights arise under Illinois common law, if at all.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and respectfully refer the Court to the "publishing agreement" referenced therein for the full and complete terms and conditions thereof.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and respectfully refer the Court to the registration or registrations filed with the U.S. Copyright Office referenced therein, and the deposit copy of the musical composition "Different Strokes" deposited in connection with such registration(s), for the full and complete contents thereof.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Deny the allegations set forth in Paragraph 23 of the Complaint.

24.     Deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Deny the allegations set forth in Paragraph 26 of the Complaint, except admit that none of the defendants claim to be the author, owner or administrator of the musical composition "Different Strokes" and that none of the defendants claim to be owner of the sound recording thereof and deny knowledge or information sufficient to form a belief as to whether or not the musical composition "Different Strokes" or the sound recording thereof, and, more specifically,

the portions of the composition and sound recording at issue are protected by copyright under the

Copyright Act or common law.

27.    Admit the allegations set forth in Paragraph 27 of the Complaint.

28.    Deny the allegations set forth in Paragraph 28 of the Complaint.

29.    Deny the allegations set forth in Paragraph 29 of the Complaint, except admit that

an album entitled *Watch the Throne* was released by Roc-A-Fella in August 2011 and that the

deluxe edition of *Watch the Throne* contains a recording of a song entitled, *The Joy*

("Defendants' Song").

30.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 30 of the Complaint and, in particular, what Plaintiffs intend by

the phrase "samples."

31.    Deny the allegations set forth in Paragraph 31 of the Complaint.

32.    Deny the allegations set forth in Paragraph 32 of the Complaint, except admit

that, prior to the release of Defendants' Song on the album *Watch the Throne,* a recording of

Defendants' Song was released for a limited time as a free download as part of the G.O.O.D.

series.

33.    Deny the allegations set forth in Paragraph 33 of the Complaint.

34.    Deny the allegations set forth in Paragraph 34 of the Complaint, except admit that

Defendants have not paid any royalties or other compensation to Plaintiffs regarding "Different

Strokes."

35.    Deny the allegations set forth in Paragraph 35 of the Complaint.

36.    Deny knowledge or information sufficient to form a belief as to whether or not

Numero Uno Group had actual authority to negotiate a license on behalf of one or both of the

Plaintiffs (assuming Plaintiffs are the actual owners of the rights at issue), deny that Numero Uno

Group did not have apparent authority to negotiate such licenses and specifically aver that, based

on the communications with Numero Uno, Plaintiffs were involved in, knowledgeable of,

acquiesced in and authorized Numero Uno's negotiations with Defendants and/or their

representatives.

## COUNT I
## COPYRIGHT INFRINGEMENT

37.     In response to paragraph 37 of the Complaint, Defendants reassert and incorporate

each of their responses to paragraphs 1 through 36 above as if fully set forth herein.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 38 of the Complaint.

39.     Deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Deny the allegations set forth in Paragraph 40 of the Complaint

41.     Deny the allegations set forth in Paragraph 41 of the Complaint as they pertain to

the sound recording of "Different Strokes," and deny knowledge or information sufficient to

form a belief as to the allegations regarding the musical composition "Different Strokes."

42.     Deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Deny the allegations set forth in Paragraph 45 of the Complaint.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

46.     In response to paragraph 46 of the Complaint, Defendants reassert and incorporate

each of their responses to paragraphs 1 through 45 above as if fully set forth herein.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 47 of the Complaint.

48.     Deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Deny the allegations set forth in Paragraph 51 of the Complaint.

**COUNT III**
**UNFAIR COMPETITION**

52.     In response to paragraph 52 of the Complaint, Defendants reassert and incorporate

each of their responses to paragraphs 1 through 51 above as if fully set forth herein.

53.     Deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Deny the allegations set forth in Paragraph 56 of the Complaint.

57.     Deny the allegations set forth in Paragraph 57 of the Complaint, except admit

that, prior to the release of Defendants' Song on the album *Watch the Throne,* a recording of

Defendants' Song was released for a limited time as a free download as part of the G.O.O.D.

series, and not as part of *Watch the Throne*.

58.     Deny the allegations set forth in Paragraph 58 of the Complaint.

**COUNT IV**
**FRAUD**

59.     In response to paragraph 59 of the Complaint, Defendants reassert and incorporate

each of their responses to paragraphs 1 through 58 above as if fully set forth herein.

60.     Deny the allegations set forth in Paragraph 60 of the Complaint.

7

61.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and, in particular, what Plaintiffs intend by the phrase "sample."

62.      Deny the allegations set forth in Paragraph 62 of the Complaint, except admit that certain Defendants considered including a recording of Defendant's Song on the album *My Beautiful Dark Twisted Fantasy*.

63.      Deny the allegations set forth in Paragraph 63 of the Complaint, except admit that, prior to the release of Defendants' Song on the album *Watch the Throne,* a recording of Defendants' Song was released for a limited time as a free download as part of the G.O.O.D. series.

64.      Deny the allegations set forth in Paragraph 64 of the Complaint.

65.      Deny the allegations set forth in Paragraph 65 of the Complaint.

66.      Deny the allegations set forth in Paragraph 66 of the Complaint.

67.      Deny the allegations set forth in Paragraph 67 of the Complaint.

68.      Deny the allegations set forth in Paragraph 68 of the Complaint.

69.      In response to paragraph 69 of the Complaint, Defendants reassert and incorporate each of their responses to paragraphs 1 through 68 above as if fully set forth herein.

70.      Deny the allegations set forth in Paragraph 70 of the Complaint, except admit that Plaintiffs purport to seek an accounting regarding the recording of "Different Strokes."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

71.      The Complaint fails to state a claim against Defendants upon which relief can be granted.

8

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

72.     Plaintiffs' claims are barred by the doctrine of estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73.     Plaintiffs' claims are barred by license.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74.     Upon information and belief, neither Plaintiff has standing to bring the claims asserted herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75.     Any claim based on the alleged use of Plaintiffs' sound recording is barred because, *inter alia,* the allegedly copied portion of Plaintiffs' sound recording is not protectable and, if it is protectable, any use was *de minimus*.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76.     Any claim based on the alleged use of Plaintiffs' musical composition is barred because, *inter alia,* (a) the allegedly copied portion of Plaintiff's recording is not part of the musical composition; and, if it is part of the composition, (b) is it not protectable and/or (c) any use was *de minimus*.

WHEREFORE, Defendants respectfully requests that the Court:

(a)     Dismiss Plaintiffs' Complaint with prejudice, and award judgment to Defendants;

(b)     Award Defendants their reasonable costs and expenses incurred in having to defend this action; and

(c)     Award Defendants such other and further relief as the Court deems just and proper.

Dated:  December 15, 2011                    Respectfully submitted,

                                             **KANYE OMAR WEST, SHAWN COREY
                                             CARTER P/K/A/ JAY-Z, ROC-A-FELLA
                                             RECORDS, LLC, UMG RECORDINGS, INC.
                                             (incorrectly sued as "UNIVERSAL MUSIC
                                             GROUP CORP") AND ISLAND DEF JAM
                                             MUSIC GROUP, A Division Of UMG
                                             Recordings, Inc.**

                                             By: /s/ Carrie A. Hall
                                                     One of Defendants' Attorneys

Ronald H. Balson (rhbalson@michaelbest.com)
Carrie A. Hall (cahall@michaelbest.com)
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601
Phone:  312.222.0800

-and-

Ilene S. Farkas (ifarkas@pryorcashman.com)
  *(pro hac vice admission pending)*
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
Phone:  212.421.4100

**CERTIFICATE OF SERVICE**

        The undersigned, an attorney, hereby certifies that a copy of the foregoing Answer and
Affirmative Defenses was served upon the following counsel via the Court's CM/ECF system on
the 15th day of December 2011, before the hour of 5:00 p.m.:

        Vernon W. Ford, Jr.
        mah@chicagoslegalcafe.com

        Mazie A. Harris
        mah@chicagoslegalcafe.com

                                             /s/ Carrie A. Hall

028912-0002\10668410.2

10