IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------X
:
SYL JOHNSON a/k/a SYLVESTER : 11-cv-07276
THOMPSON and SYL-ZEL MUSIC :
COMPANY, :
:
        Plaintiffs, :
:
  -against- :
:
:
KANYE OMAR WEST, JAY-Z a/k/a SHAWN :
COREY CARTER, ROC-A-FELLA RECORDS :
LLC, UNIVERSAL MUSIC GROUP CORP, :
and ISLAND DEF JAM MUSIC GROUP, :
:
        Defendants. :
:
---------------------------------------------------------------X

## JOINT INITIAL STATUS REPORT

Plaintiffs, Syl Johnson a/k/a Sylvester Thompson and Syl-Zel Music Company and Defendants, Kanye Omar West, Shawn Corey Carter p/k/a Jay-Z, Roc-A-Fella Records, LLC, UMG Recordings, Inc. (incorrectly sued herein as "Universal Music Group Corp"), The Island Def Jam Music Group, a division of UMG Recordings, Inc. (incorrectly sued herein as "Island Def Jam Music Group") respectfully submit the following Joint Initial Status Report.

**A.**    **Nature of the Case**

**Basis for Jurisdiction, nature of the claims and counterclaims:** Plaintiffs have based jurisdiction under 28 U.S.C. §§1331, 1332, 1338 (a) and 28 U.S.C. §1367 (a) (supplemental jurisdiction).

Plaintiffs have brought this action against Defendants for (1) copyright infringement, (2)

contributory infringement (against UMG and Island Def Jam), (3) unfair competition, (4) fraud, and (5) an accounting based on the alleged unauthorized use of the musical composition "Different Strokes" ("Plaintiffs' Song") and the sound recording thereof ("Plaintiffs' Recording") in the recording of Defendants' song, "The Joy" ("Defendants' Song"). Specifically, Plaintiffs allege that the unauthorized use of Plaintiffs' Song – which is allegedly administered by Plaintiff Syl-Zel – in Defendants' Song constitutes copyright infringement. Plaintiffs further allege that the unauthorized use of Plaintiffs' Recording – which is a pre-1972 recording allegedly owned by Plaintiff Johnson – constitutes unfair competition and fraud. Plaintiffs also seek an accounting from Defendants.

Defendants have asserted various defenses to Plaintiffs' claims, including but not limited to: (1) Plaintiffs' claims are barred by a previously-negotiated license; (2) Plaintiffs lack standing; (3) the allegedly copied portion of Plaintiffs' sound recording is not protectable and, if it is protectable, any use was *de minimus*; (4) any claim based on the alleged use of Plaintiffs' musical composition is barred because, *inter alia,* (a) the allegedly copied portion of Plaintiff's recording is not part of the musical composition; and, if it is part of the composition, (b) is it not protectable and/or (c) any use was *de minimus*.

Major factual and legal issues include, *inter alia,* the following:

- Was Plaintiffs' Song used in Defendants' Song;
- Whether the use of Plaintiffs' Song in Defendants' Song constitutes copyright infringement or whether there are defenses to such a claim;
- Whether the use of Plaintiffs' Recording in Defendants' Song constitutes unfair competition or fraud under Illinois law or whether there are defenses to such a claim;
- Whether the Plaintiffs have standing to bring claims based on the alleged unauthorized use of

2

Plaintiffs' Song and/or Plaintiffs' Recording; and

- To the extent a license is required for the use of Plaintiffs' Song and/or Plaintiffs' Recording, whether Plaintiffs had previously agreed to license such use to Defendants.

**Relief sought:** Plaintiffs seek a permanent injunction as against all Defendants enjoining the alleged infringement of Plaintiffs' federal and common law copyrights. Plaintiffs also seek damages from Defendants, as well as an accounting. Plaintiffs also seek punitive damages from Defendants based on Plaintiffs' non-copyright tort claims.

**Parties not served:** All parties have been served.

**B.   Discovery**

No formal discovery has been taken to date, although the parties have engaged in some informal exchange of documents and information.

The parties jointly propose the following fact discovery schedule:

- The parties propose exchanging Rule 26(a)(1) disclosures by **February 10, 2012**.

- The parties propose that the last day to amend the pleadings and/or add parties is **February 24, 2012.**

**As for the remaining discovery schedule, the parties separately propose as follows:**

|  | **Plaintiffs Propose** | **Defendants Propose** |
| --- | --- | --- |
| **Fact discovery completed by:** | June 8, 2012 | September 7, 2012 |
| **Opening expert reports due by[1]:** | July 8, 2012 | October 12, 2012 |
| **Rebuttal expert reports due by:** | September 14, 2012 | December 14, 2012 |
| **Expert discovery completed by:** | November 9, 2012 | February 8, 2013 |

---

[1] This means the party bearing the burden of proof on issues for which it proffers expert testimony must submit a report or reports by this time.

3

| Dispositive motions filed by: | December 1, 2012 | April 13, 2013 |

C.  **Trial status**

Plaintiffs have requested a **jury** for this matter. The parties estimate that a trial of this matter will take approximately three (3) to four (4) days.

D.  **Proceeding before a Magistrate Judge**

At this time, the parties **do not consent** to proceed before the Magistrate

E.  **Status of settlement discussions and settlement conference.**

The parties have engaged in preliminary settlement discussions, but those discussions have reached a stalemate. The parties believe a settlement conference may be beneficial at this time; however, the individual defendants would request that they be permitted to appear for any settlement conference through counsel of record with settlement authority, with party representatives available by phone.

Dated: January 5, 2012

| **SYL JOHNSON a/k/a SYLVESTER THOMPSON and SYL-ZEL MUSIC COMPANY** | **KANYE OMAR WEST, SHAWN COREY CARTER P/K/A/ JAY-Z, ROC-A-FELLA RECORDS, LLC, UMG RECORDINGS, INC. (incorrectly sued as "UNIVERSAL MUSIC GROUP CORP") AND ISLAND DEF JAM MUSIC GROUP, A Division Of UMG Recordings, Inc.** |
|---|---|
| By: /s/ Mazie A. Harris (w/permission) | By: /s/ Carrie A. Hall |
| Mazie Harris (Mah@chicagoslegalcafe.com)<br>THE LAW OFFICES OF MAZIE A. HARRIS, P.C.<br>1338 W. Madison Street<br>Chicago, Illinois 60607<br>312.455.2200 | Carrie A. Hall (cahall@michaelbest.com)<br>MICHAEL BEST & FRIEDRICH LLP<br>Two Prudential Plaza<br>180 North Stetson Avenue, Suite 2000<br>Chicago, IL 60601<br>312.222.0800 |
| -and- | -and- |

4

| | |
|---|---|
| VERNON FORD & ASSOCIATES<br><br>Vernon W. Ford, Jr. (<br>1338 W. Madison Street<br>Chicago, IL 60607<br>312.455.2200<br><br>*Attorneys for Plaintiffs* | Brad D. Rose (brose@pryorcashman.com)<br>*(pro hac vice admission pending)*<br>Ilene S. Farkas (ifarkas@pryorcashman.com)<br>  *(admitted pro hac vice)*<br>PRYOR CASHMAN LLP<br>7 Times Square<br>New York, NY 10036<br>212.421.4100<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I, Carrie A. Hall, an attorney of record in this matter, certify that on January 5, 2012, I caused a copy of the parties' *Joint Initial Status Report* to be filed by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

>VERNON FORD & ASSOCIATES
>Vernon W. Ford, Jr.
>1338 W. Madison Street
>Chicago, IL 60607
>Mah@chicagoslegalcafe.com

>THE LAW OFFICES OF MAZIE A. HARRIS, P.C.
>Mazie A. Harris
>1338 W. Madison Street
>Chicago, Illinois 60607
>Mah@chicagoslegalcafe.com



            /s/ Carrie A. Hall